**Max Jordan BAUUNTERNEHMUNG**

v.

**The UNITED STATES.**

No. 642–83C.

United States Claims Court.

Oct. 7, 1985.

Reed L. von Maur, Frankfurt, West Germany, attorney of record for plaintiff. O'Haire, Fiore & von Maur, Frankfort, West Germany, James K. Stewart, Schwalb, Donnenfeld, Bray & Silbert, Washington, D.C., of counsel.

Terrence S. Hartman, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

## MEMORANDUM OF DECISION

HARKINS, Judge:

The complaint in this case was filed October 24, 1983, to obtain judicial review of a decision of the Armed Services Board of Contract Appeals (ASBCA) pursuant to the standards of the Wunderlich Act. 41 U.S.C. §§ 321–22 (1982). Plaintiff, Max Jordan Bauunternehmung, was represented by Reed L. von Maur of the law firm, O'Haire, Fiore & von Maur.

After the administrative record had been filed and plaintiff's counsel had filed on November 15, 1984, its motion for summary judgment and brief in opposition to the administrative decision, defendant on June 18, 1985, filed a motion for disqualification of plaintiff's counsel. The motion requested the court to enter an order to disqualify Leodis C. Matthews, Reed L. von Maur and the other two attorneys of the firm O'Haire, Fiore & von Maur.

Leodis C. Matthews while a trial attorney with the Department of Justice was the counsel of record for the United States in this case. In that capacity, he prepared and, on March 19, 1984, filed defendant's answer. As the trial attorney assigned to handle this matter for the Government, Mr. Matthews discussed the possibility of settlement with agency counsel, and reviewed the Government's litigation report which set forth the client agency's view of the case. On October 29, 1984, Mr. Matthews became a full time associate with the law firm of O'Haire, Fiore & von Maur.

Prior to defendant's motion to disqualify, and thereafter, counsel had attempted to agree upon procedures that would be adequate to screen Mr. Matthews from participation in this case. During these negotiations the parties reached agreement that, under the provisions of the relevant statute (18 U.S.C. § 207(a)), as well as the code of professional responsibility of the American Bar Association (ABA Model Rules of Professional Conduct Nos. 1.6, 1.9 and 1.11) and the District of Columbia Disciplinary Rule No. 9–101, Mr. Matthews personally is disqualified and in no way may represent plaintiff in this case. Counsel could not reach an agreement, however, as to whether Mr. von Maur and the other members of the firm could continue such representation in this action. O'Haire, Fiore & von Maur had represented Max Jordan Bauunternehmung in these proceedings since 1971.

■ Disqualification of an entire firm as a result of disqualification of a single member or associate is an exceedingly harsh remedy. Because of the serious impact disqualification has on the litigant, who is denied counsel of choice, and the firm itself, disqualification of the firm is appropriate only where on the particular facts the conflict of interest evil cannot otherwise be mitigated. Disqualification of the firm may be avoided by use of appropriate and effective screening procedures. When screening is to be used it must be explicit and inflexible and it must address the requirements peculiar to each case. *Kesselhaut v. United States*, 214 Ct.Cl. 124, 555 F.2d 791 (1977).

In the negotiations, the Department of Justice requested the following information from Mr. von Maur, the attorney of record in this case:

1. Whether his client had been fully advised of Mr. Matthews' previous involvement with this case, that Mr. Matthews would be excluded from participating in this case on behalf of the client, and that no one should discuss this matter with Mr. Matthews.

2. Whether Mr. Matthews had been instructed that he should not discuss this case with the client.

3. Whether Mr. Matthews had been denied access to documents relating to this case and would continue to be denied access to such materials.

4. Whether all personnel at the law firm had been instructed that they were not to show documents relating to this case to Mr. Matthews, and that they were not to discuss this matter with him.

On August 2, 1985, counsel were notified that the materials supplied to the court did not make clear the scope of the efforts by plaintiff's counsel to screen Mr. Matthews from any participation in this case. The explanation of plaintiff's screening procedures was unsatisfactory as to compliance with the criteria established by precedent. *See Kesselhaut v. United States*, 555 F.2d 791; *Sierra Vista Hospital, Inc. v. United States*, 226 Ct.Cl. 223, 639 F.2d 749 (1981). The following order was entered:

1. On or before August 30, 1985, plaintiff shall file a statement that sets forth in detail the procedures it has employed and intends in the future to employ to screen Mr. Matthews from any participation in this case. The statement shall include plaintiff's argument, with citations to applicable precedent, that the procedures comply with established criteria in the context of this particular case, a Wunderlich Act review of a decision by the ASBCA. The statement shall include a statement from MJB that it is familiar with and consents to the utilization of those screening procedures described.

Plaintiff's response was filed August 30, 1985. Item No. 4 of the submission stated:

4. However, access to public record documents, including the Board of Contract Appeals Reports, has not been [and] will not be restricted.

The statement that plaintiff filed in explanation of the screening procedures needed in this case was unsatisfactory to defendant. Defendant contended plaintiff's procedures were not specific as to Mr. Matthews' participation, and that the proce-

dures did not deny Mr. Matthews access to documents relating to the case.

Plaintiff argued that inasmuch as the case involved a Wunderlich Act review of the ASBCA this court "has a rather limited role." In this regard, plaintiff noted that the principal task of the court is to review the record litigated before the administrative agency, that the record is sealed, the evidence is committed, and that the record and proceedings both before the ASBCA and the court are matters of public record, citing *United States v. General Electric Corp.*, 727 F.2d 1567 (Fed.Cir.1984). Plaintiff argued:

Under these particular facts, there is no possibility that any evidence upon which the Court will make its decision is concealed in any files maintained confidentially by the plaintiff or the defendant. Furthermore, plaintiff does not seek to introduce any such evidence into the proceedings. Moreover the legal arguments must have been previously raised before the Board or a predicate established in the Board's evidence in order for it to be submitted before this Court.

Inasmuch as Mr. Matthews, while counsel of record for defendant, had examined the agency report, had interviewed agency counsel and had considered the agency's litigating position, including settlement possibilities, the circumstance that this case is in the posture of a Wunderlich Act review is not significant. On September 17, 1985, counsel were advised that Mr. Matthews' change of sides in these circumstances requires application of screening procedures to avoid inadvertent disclosure that may be more stringent than otherwise would be required. *See U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed.Cir. 1984). Counsel were notified that item Nos. 1, 2, 3 and 5 in plaintiff's August 30, 1985, response were acceptable. A new item 4 was submitted for plaintiff's acceptance or rejection. On September 30, 1985, plaintiff accepted revised item No. 4.

■ Plaintiff's procedures, as supplemented by revised item No. 4, are accepted as effective to screen Mr. Matthews from

any participation in this case. These procedures are known and accepted by plaintiff, Max Jordan Bauunternehmung. They are as follows:

1. No fees associated with the prosecution of the litigation, or renumeration associated with the case will be paid to Mr. Matthews;

2. There have been and will be no communication between Mr. Matthews and Max Jordan or its representatives.

3. There will be no involvement or assigned responsibility for any preparations concerning the merits of the case. No discussions will be held with members of the firm regarding preparation of the case or litigation of issues. Mr. Matthews agreed to particularly observe his confidentiality responsibility with respect to his prior clients.

4. Mr. Matthews will be screened from any participation in this case. Mr. Matthews will be denied access to the materials for this case in the files maintained by the law firm and its members. This denial of access applies to the official record, including copies of Rule 4 documents and other materials filed in the ASBCA, Europe, proceedings in USAR-EUR BCA NO. 400, as well as materials filed in this court in this case.

5. All firm members were advised of the above and Mr. Matthews will not be involved in the litigation or discussion of the case.

The conclusion that plaintiff's procedures are adequate makes disqualification of Reed L. von Maur, attorney of record in this case, the other two members of the firm, and the firm of O'Haire, Fiore & von Maur unnecessary.

Accordingly, defendant's motion to disqualify Reed L. von Maur, the other members of the firm, and the firm O'Haire, Fiore & von Maur, from representation of plaintiff in this case is DENIED as MOOT.

On or before November 7, 1985, defendant shall file the response to plaintiff's motion for summary judgment as required

by item No. 3 of the March 21, 1984, procedural order.